IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

JOSHUA C. MULLINS,

           Plaintiff,

v.                                            CIVIL ACTION NO. 2:21-cv-00347

RISH EQUIPMENT COMPANY,

           Defendant.

ORDER

Before the Court is Defendant Rish Equipment Company's Motion to Reconsider State Court Order Denying Summary Judgment. For the reasons contained in the following Order, the Motion is **DENIED**.

I. INTRODUCTION

This is an age discrimination in employment action brought under the West Virginia Human Rights Act, W. Va. Code § 5-11-1, et. seq. Plaintiff Josh Mullins alleges that his former employer, Defendant Rish Equipment Company impermissibly circumvented the layoff procedures set out in a collective bargaining agreement when designating him for termination during a period of business downturn. Mullins states that he was among the most senior and most skilled members of his unit, and was at the highest pay grade for his job designation as a "Shop I Mechanic" [ECF No. 1-9, at 1]. At the time of his layoff, Mullins was 41 years

old. He alleges that numerous workers beneath him in seniority and age were retained.

Defendant removed the case to this court after the close of discovery and after the Boone County Circuit Court declined to grant Defendant's Motion for Summary Judgment. I denied the Plaintiff's Motion to Remand the case to the state court after finding that the Plaintiff engaged in forum manipulation to avoid original federal jurisdiction. [ECF No. 10]. Now that I have decided to retain jurisdiction over this case, Defendant urges me to reconsider what he describes as a deeply flawed ruling on summary judgment by the state court.

## II. MOTION TO RECONSIDER

### A. Legal Standard

As a general principal, I and other courts deeply disfavor re-opening and revising prior rulings. This case presents a unique circumstance, however, because I have inherited another judge's prior ruling as my own. The parties have thoroughly briefed and argued the issue of whether I even have the authority to revise an interlocutory order of a state court once that case has been removed. The law is clear that I am within my discretion to do so just as I would any other order as if I had handed it down myself. "Removal of a case from state to federal court neither nullifies what the state court did, nor precludes the federal court from taking further steps that it could have taken if the case had originated there." *Holmes v. AC& S, Inc.*, 388 F.Supp.2d 663, 668 (E.D. Va. 2004)(quoting *Granny Foods, Inc. v. Teamsters*, 415 U.S. 423 (1974)). Plaintiff points the court to *Jones v. Sears Roebuck & Co.*, 301 Fed.

Appx. 276 (4th Cir. 2008) for the proposition that a court should not reopen issues decided in earlier stages of the same litigation. However, that case also states that "all injunctions, orders, and other proceedings had in such [state court] action prior to its removal shall remain in full force and effect until dissolved or modified by the district court." *Id.* (quoting 28 U.S.C. § 1450).

The court's discretionary authority to reconsider an interlocutory order is derived from Fed. R. Civ. 54(b). Federal courts "cabin revision of interlocutory orders pursuant to Rule 54(b) by treating such rulings as law of the case." *Atkins v. AT&T Mobility Services, LLC*, No. 2:18-cv-00599, 2020 WL 2842054, at *5 (S.D. W. Va. June 1, 2020). The law-of-the-case doctrine provides that, in the interest of finality, "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Id.* When analyzing a motion under Rule 54(b), I am to consider the following factors: 1) an intervening change in controlling law; 2) the emergence of evidence not previously available; and 3) the correction of a clear error or the preservation of manifest injustice. *Id.* In the interest of comity and judicial economy, the law of the case doctrine generally provides that the court refuse to reopen what has been decided. *Id.* The Fourth Circuit Court of Appeals has previously held that "where an order is entered by one judge and then reviewed by another judge, the latter judge should be hesitant to overrule the earlier determination." *Carlson v. Bos. Sci. Corp.*, 856 F.3d 320, 325 (4th Cir. 2017).

### B. Reconsideration

In considering the instant Motion, it is helpful to understand the basic framework of the age discrimination in employment law of West Virginia. In order to state a prima facie case of discrimination, the plaintiff must prove the following essential elements: 1) that the plaintiff is a member of a protected class; 2) that the employer made an adverse decision concerning the plaintiff; and 3) but for the plaintiff's protected status, the adverse decision would not have been made. Syl.pt.3, *Conaway v. Eastern Associated Coal Corp.*, 358 S.E.2d 423 (W. Va. 1986). To prove the third element of the prima facie case, a plaintiff must "show some evidence which would sufficiently link the employer's decision and the plaintiff's status as a member of a protected class so as to give rise to an inference that the employment decision was based on an illegal discriminatory criterion." *Id.* at 429-30. The plaintiff can establish this link by demonstrating *inter alia* unequal or disparate treatment between members of the protected class and others; the elimination of legitimate reasons for the decision or statistics showing that members of the protected class received substantially worse treatment than others. *Id.* at 430. The parties' dispute is solely about the third prong of the prima facie case.

I turn now to the arguments presented to the court in briefing and at the September 30 and October 4, 2021 scheduling conference. First, Defendant argues that the state court failed to offer meaningful analysis of the theories presented in his briefing and that the only opinion issued on his motion was in the form of a proposed order drafted by Plaintiff. Second, Defendant states that Circuit Court

Judge Thompson erroneously based his decision on an inapplicable rule announced in *Barefoot v. Sundale Nursing Home*, 193 W. Va. 475, 487 N. 18 (1995). In that case, the West Virginia Supreme Court of Appeals held that a plaintiff in an age discrimination case may create an inference of discrimination by showing that he was replaced by a person outside the protected class. Defendant states that no record evidence demonstrates that Plaintiff was replaced; instead, Defendant rebuts Plaintiff's argument that under *Barefoot*, the fact that many employees outside the protected class and with lesser seniority were *retained* establishes the prima facie discrimination. Next, Defendant says that the ultimate decisionmaker in this case has testified under oath that he was unaware of Plaintiff's age when he made the layoffs and that since the decisionmaker himself is also within the protected class, that age discrimination is impossible.

Having considered these arguments, and having read the state court's opinions as well as the original briefing and discovery, I cannot find that Judge Thompson committed a clear error or that manifest injustice would ensue if I elect not to disturb that earlier ruling. Plaintiff's argument as it relates to *Barefoot* necessarily raises questions of fact as to whether, for example, another person outside the protected class performed Plaintiff's duties after he was terminated. In the reply brief filed with the Boone County Circuit Court, Plaintiff set forth a list of employees within the protected class who were retained and adds that as a matter of law, this fact alone means that an age discrimination claim may not be sustained. [ECF No. 1-10, at 4]. However, I find that material issues of fact remains about seniority, age, and skill

status within Plaintiff's discrete work unit. Moreover, the record tends to demonstrate that there is a disputed issue of fact remaining over whether the layoff decision was done in accordance with the collective bargaining agreement. Plaintiff states that he had seniority and skills that should have insulated him from termination under the CBA; Defendant argues that he did not have seniority or preferable skills and that others retained were also in the protected age class. Plaintiff's case may not be strong, but it need only be inferential at this juncture. West Virginia law urges an overabundance of restraint when it comes to taking employment discrimination cases out of the hands of the trier of fact: "the issue of discriminatory animus is generally a question of fact for the trier of fact, especially where a prima facie case exists. The issue does not become a question of law unless only one conclusion could be drawn from the record." *Conrad v. ARA Szabo*, 198 W. Va. 362, 370 (1996).

I am not wholly convinced that "only one conclusion" can be drawn from the record in this case and in any event, a summary judgment ruling must draw all inferences in favor of the nonmoving party. Judge Thompson found that an inference of discrimination had been created by the allegations that less senior workers outside of the protected class were retained instead of the Plaintiff. This has been sufficient to create an inference of discrimination and to survive summary judgment in a case such as this where the plaintiff is qualified and has a record of good service. *See, e.g., Bartos v. PDC Energy Inc.*, 275 F. Supp. 3d 755 (N.D. W. Va. July 28, 2017).

Moreover, notions of judicial economy and comity counsel my restraint when confronted with the prospect of overturning another judge's order.

Accordingly, the Motion to Reconsider [ECF No. 14] is **DENIED** due a finding of no clear error by the state court.

### III. CONCLUSION

The Motion to Reconsider [ECF No. 14] is **DENIED**. The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: October 4, 2021

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE